IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| AMOS NICOLE SMITH #1060729 | § | |
| v. | § | CIVIL ACTION NO. 5:05cv120 |
| TITUS COUNTY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Amos Smith, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complains that his conviction was unlawful, that there was no evidence to support it, and that he is being wrongfully held in confinement. He sought declaratory and monetary relief.

On July 12, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that in Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court stated that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck, 114 S.Ct. at 2372; *see also* Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). Where no such offer of proof is made, the plaintiff's claim has not yet accrued. Heck, 114 S.Ct. at 2374. As a result, it may be dismissed as frivolous. Boyd, 31 F.3d at 282.

In this case, the Magistrate Judge said, Smith's complaint revolves around the validity of his conviction. The Fifth Circuit has stated that under Heck, the maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). In this case, a judgment in Smith's favor would plainly imply the invalidity of his conviction; indeed, the central issue of Smith's lawsuit concerns the validity of his conviction.

Consequently, the Magistrate Judge concluded that in order to proceed on his Section 1983 claims for damages, Smith must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus or a favorable ruling on a motion to vacate sentence under 28 U.S.C. §2255. For this reason, his lawsuit may be dismissed without prejudice until such time as the Heck preconditions are met. *See* Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998).

The Magistrate Judge went on to say that Smith had a pending federal habeas corpus petition concerning the conviction at issue in this case. Smith v. Director, TDCJ-CID, docket no. 5:05cv115. Should Smith prevail in his habeas corpus petition, the Magistrate Judge said, or otherwise satisfy the Heck preconditions, he may then file a Section 1983 lawsuit seeking monetary relief if he believes that his rights were violated in the course of the conviction. The Magistrate Judge recommended that Smith's lawsuit be dismissed without prejudice to his right to refile his lawsuit at such time as he shows that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. Clarke v. Stalder, 154 F.3d at 188.

Smith received a copy of this Report on July 15, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district

court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice to Smith's right to refile his lawsuit at such time as he shows that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus.  The dismissal of this case shall have no effect upon the Plaintiff's pending habeas corpus case, nor upon his right to challenge his conviction through any other lawful means.  It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 20th day of September, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE